IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PIERCE, | ) Case No. 12-4795-SC |
| Plaintiff, | ) ORDER GRANTING MOTIONS TO DISMISS AND DISMISSING CASE |
| v. | ) |
| CITIMORTGAGE, INC.; ACQURA LOAN SERVICES; CASTLE PEAK 2010-1 LOAN TRUST, | ) |
| Defendants. | ) |

For the reasons set forth below, the instant case is hereby DISMISSED. Because the Court decides this matter on the papers, the pending ex parte application for an order shortening time to be heard, ECF No. 25 ("MOST"), is DENIED AS MOOT.

On June 22, 2012, James Pierce initiated this case by filing a complaint in California Superior Court. ECF No. 1 (notice of removal ("NOR")) Ex. A ("Compl."). Plaintiff's complaint sets forth six causes of action, articulated as follows: (1) General Negligence, (2) Intentional Tort, (3) Set Aside Trustee's Sale, (4) Violation of United States Code, Title 11, Bankruptcy Laws, (5) Preliminary Injunction, and (6) Declaratory Relief. Compl. at 7.[1]

---

[1] Plaintiff filed his complaint on pre-printed California Judicial Council forms. Because the forms lack page numbers, citations to the complaint use the page numbers assigned by this Court's electronic filing system.

On September 13, 2012, Defendant CitiMortgage, Inc. ("Citi") removed the case to this Court.[2]

The defendants in this case have filed two motions to dismiss, the first by Citi, ECF No. 8 ("Citi MTD"), and the other by co-defendants Acqura Loan Services ("Acqura") and Castle Peak 2010-1 Loan Trust ("Castle Peak"), ECF No. 11 ("ACP MTD").[3]

Both motions tell the same story[4]: Following the foreclosure of Plaintiff's residential mortgage, the property securing the mortgage was sold at a trustee sale. The trustee sale occurred sometime after 2:00 p.m. on January 12, 2012. However, at 12:27 p.m. that day, no more than a few hours before the sale occurred, Plaintiff had filed for Chapter 13 bankruptcy. Plaintiff contends that his eleventh-hour bankruptcy filing resulted in an automatic

---

[2] The Court notes that Citi's notice of removal is procedurally defective. Defendants have only thirty days to remove after receiving the complaint "through service or otherwise." 28 U.S.C. § 1446(b). Citi's notice of removal indicates that it "learned of this action through informal means and has not been served with process in this case." NOR ¶ 2. Citi does not indicate, however, when it learned of the action. See id. Accordingly, the Court cannot determine whether removal was timely. Nevertheless, the Court retains jurisdiction because the defect is not jurisdictional and Plaintiff waived his right to contest removal by failing to move for remand within thirty days of removal. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."). The Court has subject matter jurisdiction over this case because Plaintiff's complaint sets forth a claim under Title 11, i.e., under federal bankruptcy law. See 28 U.S.C. §§ 1334 (giving district courts original jurisdiction over "all cases under title 11"), 1441 (permitting removal of civil actions over which district courts have original jurisdiction).

[3] Plaintiff filed an opposition addressing both motions, and Citi filed a reply. ECF Nos. 16 ("Opp'n"), 24 ("Reply").

[4] The Court relies on these accounts because Plaintiff's complaint, having been set out on Judicial Council forms which permit pleading by checkmark, does not contain factual allegations. Plaintiff does not contest either account of the facts. See Opp'n at 2-3.

2

stay of the trustee sale under 11 U.S.C. § 362(a). Plaintiff alleges that the trustee sale violated the stay, and thus is void and must be set aside. Compl. at 7, 10. His other claims also flow from this incident. Plaintiff claims that the alleged violation of the bankruptcy stay amounted to an intentional tort. Id. at 8. Plaintiff also asserts a general negligence claim, alleging that Defendants breached a duty of care to Plaintiff by negligently holding the trustee's sale, which caused him emotional distress. Id. at 9. Plaintiff also asserts a cause of action styled "Preliminary Injunction," the gravamen of which is that the defendants might try to evict him from the allegedly wrongly foreclosed property. Id. at 11. Lastly, Plaintiff seeks a declaration that he is the rightful owner of the subject property because the trustee sale, allegedly having violated a bankruptcy stay, had no legal effect. Id. at 12. All of Plaintiff's claims, then, rely on the wrongfulness of the trustee sale, which, Plaintiff avers, was wrongful because it violated the automatic bankruptcy stay that ensued after his January bankruptcy filing.

The problem is that no bankruptcy stay ensued after Plaintiff's January bankruptcy filing. As Plaintiff acknowledges, his January 2012 filing was his third in as many months. Opp'n at 2. He also filed for Chapter 13 bankruptcy protection on November 14, 2011 and on December 12, 2011. Plaintiff acknowledges that both petitions were dismissed for failure to file the required schedules. Id. Defendants contend that, because the January 2012 filing was Plaintiff's third in under one year, it did not give rise to an automatic stay and therefore there was no bankruptcy stay for the trustee sale to violate.

Defendants are correct. The bankruptcy code provides for an automatic stay upon the filing of a bankruptcy petition, subject to certain limited exceptions, none of which apply here. See 11 U.S.C. §§ 362(a) (automatic stay), 362(b) (exceptions). Generally, this stay continues until the bankruptcy case is dismissed or closed, or a discharge is granted or denied. Id. § 362(c)(2). However, the automatic stay of § 362(a) lasts only thirty days when the debtor had another bankruptcy case dismissed within the preceding year. Id. § 362(c)(3)(A). If the debtor had two other bankruptcy cases dismissed within the preceding year, then no stay arises at all. Id. § 362(c)(4)(A)(i).[5] Hence, when Plaintiff filed for Chapter 13 bankruptcy protection for the third time in three months, no stay ensued. Plaintiff's only ground for challenging the trustee sale is fatally flawed.[6]

Moreover, because all of Plaintiff's other claims are premised on the unlawfulness of the trustee sale, Plaintiff's other claims also fail. The Court harbors a measure of doubt that a tort claim could lie for conducting a foreclosure sale in violation of a bankruptcy stay, but it is sure that no tort claim lies for

---

[5] Sections 362(c)(3)(A) and 362(c)(4)(A)(i) both contain an exception, but the exception is inapplicable here. The exception applies only when the last-filed case is "refiled under a chapter other than chapter 7" and the earlier case or cases were dismissed "under section 707(b)." 11 U.S.C. §§ 362(c)(3), 362(c)(4)(A)(i). Section 707(b) provides bankruptcy courts with a mechanism for dismissing a bankruptcy case arising primarily from consumer debts if the court "finds that the granting of relief would be an abuse of the provisions of this chapter." Here, all parties agree that Plaintiff's earlier cases were not dismissed under § 707(b).

[6] Plaintiff argues that § 362(c)(4)(A)(1)'s third-filed exception to the automatic stay only applies to cases filed under Chapter 7. That is a serious misreading of the statute. The third-filed exception applies to any bankruptcy case and the limited "exception to the exception" it contains applies to any bankruptcy case except some filed under Chapter 7. See supra note 5.

conducting a lawful trustee sale.  Plaintiff's request for a preliminary injunction also fails, because it assumed that an unlawful detainer action against Plaintiff would be wrongful, due to the allegedly void sale -- but the Court sees no ground for declaring the sale void.  Lastly, Plaintiff's request for a declaration that he is the lawful owner of the subject property because the trustee sale is void obviously fails.

Plaintiff seeks leave to amend his complaint to add a cause of action for breach of contract.  Opp'n at 3.  This request appears to be a response to Acqura and Castle Peak's argument that Plaintiff has attempted to "tortify" a cause of action actually premised on contractual obligations, insofar as the authority to conduct a trustee sale under California's nonjudicial foreclosure processes is ultimately authorized by the contract between trustor and trustee.  ACP MTD at 6-8 (citing, inter alia, Bank of Am., N.A. v. La Jolla Group II, 129 Cal. App. 4th 706, 712 (Cal. Ct. App. 2005)).  Such amendment, however, clearly would be futile.  Plaintiff does not propose to add new facts and, in any event, would be estopped from doing so, having already agreed to the account of facts presented by Defendants.  Plaintiff only suggests a different cause of action based on the same facts.  But Plaintiff presents no authority for the proposition that a breach of contract could arise from a trustee sale that did not violate a bankruptcy stay and otherwise complied with California's nonjudicial foreclosure process.

In the absence of any bankruptcy stay for the trustee sale to violate or any allegations of other irregularities, the Court declines to declare the sale invalid.  All of Plaintiff's claims

5

thus fail as a matter of law. Moreover, his proposed amendments are futile. Accordingly, the pending motions to dismiss are GRANTED. Plaintiff's case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 30, 2012  
UNITED STATES DISTRICT JUDGE